**ALVERSON, TAYLOR,
MORTENSEN & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VOIP-PAL.COM, INC., a Nevada corporation, | CASE NO.:  2:16-CV-00260 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| APPLE, INC., a California corporation, | **[JURY DEMAND]** |
| Defendants. | |

Plaintiff, Voip-Pal.com, Inc.'s ("VPLM") Complaint against Defendant Apple, Inc., ("Apple"), alleges infringement of U.S Patent No. 8,542,815 ("the '815 patent", a copy of which is attached hereto as **Exhibit A**), and its continuation patent, U.S Patent No. 9,179,005 ("the '005 patent", a copy of which is attached hereto as **Exhibit B**).  VPLM further complains and alleges as follows:

### THE NATURE OF THE ACTION

1.      VPLM is a technical leader in the broadband Voice-over-Internet Protocol ("VoIP") market with the ownership and development of a portfolio of leading edge VoIP patent applications.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

2.    VPLM's patents represent fundamental advancements to the prior art of Internet Protocol ("IP") communication, including improved functioning, routing and reliability for VoIP, messaging, and IP transmission of video, photographs and mixed media.

3.    Apple employs VPLM's innovative technology and products, features, and designs, and has widely distributed infringing products that have undermined VPLM's marketing efforts. Instead of pursuing independent product development, Apple employed VPLM's innovative caller attribute classification and routing product design, in violation of VPLM's valuable intellectual property rights.

## PARTIES

4.    Plaintiff, VoIP-Pal.com, Inc., is a Nevada corporation with its principal place of business located 10900 NE 4th Street, Suite 2300, Bellevue, Washington 98004.

5.    Defendant, Apple Inc. ("Apple"), is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. On information and belief, Apple regularly conducts and transacts business in the District of Nevada and throughout the United States, and, as set forth below, has committed and continues to commit, tortious acts of patent infringement within the District of Nevada.

6.    As a result of Apple's infringement as alleged herein, between May 2014 and December 2015, VPLM provided numerous notices to Apple in connection with its violation of VPLM's patent rights. *See* **Exhibit C,** Correspondence to Apple.  Despite the notices, Apple has infringed and continues to infringe VPLM's patents.

## JURISDICTION AND VENUE

7.    This action arises under 35 U.S.C. § 101 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1338.

8.    This Court has personal jurisdiction over Apple because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by placing infringing products and services into the stream of commerce, with the knowledge or understanding that such products are sold in the District of Nevada.  The acts by Apple cause injury to VPLM within this District. Upon information and belief, Plaintiff alleges that the Apple derives substantial revenue

2                                    KB/23443

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

from the sale of infringing products within this District, has expanded its market share through its use of infringing products within this District, has engaged in this infringement with the expectation that their actions will have consequences within this District, and derives substantial revenue from interstate and international commerce.

9.      Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Apple maintains a permanent place of business and offers products and/or services for sale in Nevada. Furthermore, venue is proper in that Apple has and continues to infringe VPLM patents causing harm to VPLM in Nevada.

## FACTUAL ALLEGATIONS

### A.      Apple's Infringement of VPLM'S Patents

10.      VPLM has protected its innovative designs and cutting-edge technologies through a broad range of intellectual property rights.  Among the patents that VPLM has been awarded are the '815 patent and '005 patent to which VPLM owns all rights, title, and interest.

11.      As detailed in the attached **Exhibit D** (Asserted Claims and Infringement Contentions Concerning the '815 Patent and the '005 Patent), VPLM is informed and believes, and on that basis alleges that Apple's practices directly and indirectly employ and infringe certain claims of the '815 patent and the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria.

12.      VPLM is informed and believes, and on that basis alleges that Apple engages in the following specific infringing practices:

### B.      Asserted Claim No. 1 regarding Apple's iMessage (the '815 patent)

13.      Apple supports and operates messaging, including iMessage, an instant messaging service supported by Apple's Messages application that allows smartphone and desktop users to send messages including text, images, video and audio to other users.  Apple's messaging, including the iMessage application, runs on Apple desktop computers, laptops, tablets and mobile devices running OS X, iOS and watchOS operating systems.  Apple directly and/or indirectly practices certain claims of  the '815 patent as illustrated in Chart 1 of Exhibit D by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its

3                                                  KB/23443

messaging systems.

14.     In particular, devices running the iMessage application initiate a communication between a caller and a callee. The callee may be an Apple subscriber or a non-subscriber. In the case that the callee is an Apple subscriber, the communication is sent using iMessage. On the other hand, if the user is not an Apple subscriber or if iMessage is not available, the communication is sent using SMS/MMS. Apple's messaging system directly and/or indirectly practices certain claims of the '815 patent in order to determine the classification of a user, and, subsequently, how the call should be routed.

**C.      Asserted Claim No. 2 regarding Apple's iMessage (the '005 patent)**

15.     Apple manufacturers, supports and operates a messaging platform (the "Apple Messaging System") that includes Apple desktop computers, laptops, tablets and mobile devices, software applications running on such devices and servers associated with iMessage, an instant messaging service. The Apple Messaging System allows smartphone and desktop users to send messages including text, images, video and audio to others. Apple practices certain claims of the '005 patent as illustrated in Chart 2 of Exhibit D.

16.     The Apple Messaging System allows devices to initiate a communication between a caller, or a first participant, and a callee, or a second participant, which may be an Apple subscriber or a non-subscriber. A profile that includes attributes is used as part of the process that classifies a communication that directly and/or indirectly practices certain claims of the '005 patent.

**D.      Asserted Claim No. 3 regarding Apple's WiFi Calling (the '815 patent)**

17.     Apple manufactures and supports devices related to a calling platform ("Apple WiFi Calling") that includes Apple desktop computers, laptops, tablets and mobile devices, software applications running on such devices and servers operated by wireless carriers that allow calls to be placed over WiFi networks. Apple induces the infringement of certain claims of the '815 patent as illustrated in Chart 3 of Exhibit D.

18.     Apple WiFi Calling allows an Apple device to initiate a call between a caller and a callee using a carrier assisted voice over IP ("VoIP") system and the callee may be a subscriber of the carrier or a non-subscriber. A profile that includes calling attributes is used as part of the process

4                                    KB/23443

that classifies a call.

19.     Apple also supports WiFi Calling on desktop computers, laptops, tablets and mobile devices.  In the case of WiFi Calling, an Apple device initiates a call between a caller and a callee using a carrier based VoIP system.  The callee may be a subscriber of the carrier or a non-subscriber. Apple directly and/or indirectly practices  certain claims of the '815 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its WiFi calling system.

**E.      Asserted Claim No. 4 regarding Apple's WiFi Calling (the '005 patent)**

20.     Apple also supports "WiFi Calling" on desktop computers, laptops, tablets and mobile devices.  In the case of WiFi Calling, an Apple device initiates a call between a caller and a callee using a carrier-based VoIP system.  The callee may be a subscriber of the carrier or a non-subscriber.  Apple directly and/or indirectly practices certain claims of the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its WiFi calling system as illustrated in Chart 4 of Exhibit D.

21.     Apple's infringement of the '815 patent and the '005 patent provides Apple with unique functionality for its products at the expense of VPLM's protected intellectual property.  Rather than innovate and develop its own technology for it classification and routing of Public to Public telephony, Private to Private telephony, Public to Private and Private to Public telephony, messaging and media transfers, Apple has employed VPLM's technology, including its routing and classification systems.

22.     Apple continues to choose to infringe VPLM's patent rights through its caller attribute classification and routing systems, including at least Apple's Messaging and WiFi communication services.

23.     Apple has not obtained permission or a license from VPLM to use its inventions as identified in the '815 patent and the '005 patent.

24.     Furthermore, the '815 patent and '005 patent are only two patents in a suite of ten related patents. *See* **Exhibit E**, VPLM Active Patents as of January 1, 2016. VPLM preserves the

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KB/23443

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

right to request leave to amend this Complaint to add additional allegations of infringement that may involve some or all of the additional patents in the suite.

## CLAIMS FOR RELIEF

### First Claim for Relief (Infringement of the '815 and '005 Patents by Apple)

25.     VPLM incorporates and re-alleges paragraphs 1 through 24 of this Complaint.

26.     Apple has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '815 patent and the '005 patent by using, selling and/or offering to sell in the United States its Messaging and WiFi communication services.

27.     Apple's infringing activities violate 35 U.S.C. § 271.

28.     VPLM is informed and believes, and on that basis alleges, that Apple's infringement of the '815 and '005 Patents has been and continues to be intentional, willful, and without regard to VPLM's rights because it had actual knowledge of the '815 patent and the '005 patent through direct and indirect communications with VPLM.   In addition, as an active participant in the communications industry, Apple had constructive notice of the patents at the time of the publication of the parent '815 patent on May 8, 2008.

29.     VPLM is informed and believes, and on that basis alleges, that Apple has increased profits by virtue of its infringement of the '815 patent and the '005 patent.  The portion of such increased profits attributable to the incremental value of the infringed property, based upon information and belief, is alleged to be two billion, eight hundred and thirty-six million, seven hundred and ten thousand, and thirty one dollars ($2,836,710,031) based upon the calculations contained in **Exhibit F**, attached hereto.

30.     VPLM has sustained damages as a direct and proximate result of Apple's infringement of the '815 patent and the '005 patent as their continuing infringement unfairly allows Apple to dominate the market and obviates the potential for VPLM to secure licensing revenue for these patents.  Said damages will be proved at trial.

31.     VPLM will suffer and is suffering irreparable harm from Apple's continuing infringement of the '815 patent and the '005 patent.

KB/23443

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**PRAYER FOR RELIEF**

WHEREFORE, VPLM prays for relief, as follows:

1.      A judgment that the '815 patent and the '005 patent are valid and enforceable;

2.      A judgment that Apple has infringed, contributorily infringed, and/or induced infringement of one of more claims of the '815 patent and the '005 patent;

3.       An order and judgment permanently enjoining Apple and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '815 patent and the '005 patent;

4.      A judgment awarding VPLM all damages adequate to compensate for Apple's infringement of the '815 patent and the '005 patent, and in no event less than a reasonable royalty for Apple's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5.      A judgment awarding VPLM all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6.      A judgment awarding VPLM the percentage of Apple's profits that were a result of the infringements of Plaintiff's patents, pursuant to 35 U.S.C. § 289 together with pre-judgment interest;

7.      Actual damages suffered by VPLM as a result of Apple's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8.      A judgment that this is an exceptional case and an award to VPLM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

9.      Such other relief as this Court deems just and proper.

/ / /

/ / /

/ / /

KB/23443

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, VPLM hereby demands trial by jury on all issues so triable under the Complaint.

DATED this _____ day of February, 2016.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS


/s/ Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
7401 W. Charleston Boulevard
Las Vegas, NV 89117
*Attorneys for Plaintiff*

N:\kurt.grp\CLIENTS\23400\23443\pleading\Apple - Complaint.doc

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

8                                         KB/23443